David Krieger, Esq.
Nevada Bar No. 9086                                              E-FILED: July 29, 2011
HAINES & KRIEGER, LLC
5041 N. Rainbow Blvd.
Las Vegas, NV 89130
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: info@hainesandkrieger.com
Attorney for Tan Y. Mar and Milagros Mar

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In Re: | ) Case No. BKS-10-25490-LBR |
| --- | --- |
|  | ) Chapter 13 |
| **Tan Y. Mar and Milagros Mar**, | ) Hearing Date:  OST REQUESTED |
|  | ) Hearing Time:  OST REQUESTED |
| Debtor(s). | ) |

**<u>MOTION TO VACATE ORDER VACATING THE AUTOMATIC STAY AS TO HSBC BANK, NA AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES 2007-PA2 BY ITS ATTORNEY IN FACT WELLS FARGO AND REINSTATE THE AUTOMATIC STAY AS TO CREDITOR</u>**

COME NOW the Debtors, **Tan Y. Mar and Milagros Mar**, by and through David Krieger, Esq., of the law firm of HAINES & KRIEGER, LLC, and moves the Court pursuant to Rule 9024 of the Bankruptcy Rules and Rules 59(e) 60(a) and (b) of the Federal Rules of Civil Procedure for an order to VACATE THE ORDER VACATING THE AUTOMATIC STAY AS TO HSBC BANK, NA AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES 2007-PA2 BY ITS ATTORNEY IN FACT WELLS FARGO (hereinafter "Creditor") entered by the Court in the above matter.

/./././

## POINTS AND AUTHORITIES

### THE COURT MAY RELIEVE A PARTY FROM AN ORDER DUE TO MISTAKE, INADVERTENCE, SURPRISE OR EXCUSABLE NEGLECT.

Pursuant to Bankruptcy Rule 9024, FRCP 59(e), 60(a) and (b) applies where a party requests relief from judgment or order entered by the Bankruptcy Court.

FRCP 60(a) states that:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

FRCP 60(b) states that "[o]n motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: mistake, inadvertence, surprise, or excusable neglect…" Under Section 11 U.S.C. §350(b) of the Bankruptcy Code a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the Debtors, or for other cause.

Debtors hereby request relief under Rule 60 and requests that this Court reimpose the stay for the following reasons:

### PROCEDURAL HISTORY

1. Debtors filed the instant Chapter 13, Case Number 10-25490, on August 16, 2010.
2. On or about, May 17, 2011, Creditor filed a motion to vacate the automatic stay.

3. The Debtors request the Court take judicial notice of motion for relief from stay filed under docket No. 41 with all attachments thereto in this matter.

4. On June 22, 2011, a hearing was held on Creditor's Motion for relief and same motion was granted by the Court.

5. On July 19, 2011, Creditor entered its Order on the granted motion.

## ARGUMENT

6. On July 7, 2011, the Supreme Court of Nevada issued its opinion in *Leyva v. National Default Servicing Corporation*, 2011 WL 2670183 (Nev. July 7, 2011). The Debtors argue that *Levya* provides a standard which was not met when the Court entered its order in this matter. Debtors are further objecting to Creditor's claim on the basis that it failed to comply with *Leyva* and that Creditor failed to supply the Court (under *Leyva*) with prima facie evidence that it is a real party to prosecute the granted relief from stay motion.

7. Accordingly, Debtors are requesting that the stay be reimposed as to Creditor since it obtained a result in this Court predicated on an improper foundation.

8. The *Leyva* opinion prompted Debtors to investigate the filed pleadings in this case.

9. In circumspect, the Debtors had no cause to investigate these issues until *Levya* offered guidance on what a creditor properly provide the Court to establish its standing to enforce its claim. Creditor has not met its burden.

10. Creditor attached to its moving papers the following documents:

    a. A Deed of Trust which was recorded on March 23, 2007 stating the Lender was "Wells Fargo Bank, NA";
    b. An "Initial Interest Note" stating that Wells Fargo Bank, NA was the Lender.
    c. A "Corporation Assignment of Deed of Trust" (hereinafter "Assignment") recorded on June 23, 2009; and
    d. A non descript Loan Modification "denial" letter.

11. The Assignment purports to assign the Deed of Trust on the Debtors' home from "Wells Fargo Bank, NA by its attorney in fact Nation Default Servicing Corporation" to "HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Asset-Backed Pass-Through Certificates Series 2007-PA2 by its attorney in fact Wells Fargo Bank NA successor by merger to Wells Fargo Home Mortgage Inc."

12. The Assignment is signed by "Olivia A. Todd" as President for Wells Fargo Bank, NA.

13. Consequently, the Assignment references a loan Pool which is governed by a Pooling a Servicing Agreement.

14. Over $1 Billion in securities were issued resulting from the formation of the referenced securitized trust (Wells Fargo Asset Securities Corporation, Mortgage Asset-Backed Pass-Through Certificates Series 2007-PA2).

15. The Pooling and Servicing agreement (hereinafter "PSA") is the operative document governing the rights and responsibilities of the parties to the transaction defined in the PSA.

16. Applicable to instant facts, the PSA which governs the parties entitled to enforce the mortgage and note with respect to the Debtors loan was filed with the SEC on June 8, 2007 and is dated May 24, 2007.

17. The PSA "Closing Date" was "May 24, 2007".

18. Accordingly, the Assignment filed with Creditor's Motion for relief from stay is a void and clearly a manufactured document created for the purpose of obtaining an expedient result from this Court. The loan pool which includes Debtors' loan was closed over three year prior to the Creditor's "Assignment" being manufactured. The Assignment is void since the transaction assigning the Debtors' loan to the loan pool must have occurred prior to the "Close Date" stated in the PSA. Investors relied on these documents when they

- 4 -

      invested of $1 Billion to purchase certificates resulting from the securitization of Debtors' (among others) mortgage and loan.

19. The PSA explains the remedies in the event the Depositor - "Wells Fargo Asset Securities Corporation" - failed to properly provide the Trustee (HSBC Bank USA, NA) the documents needed to enforce those instruments. However, the investors must seek their own recourse for this breach. For purposes of this motion, Creditor has clearly not provided documents showing it was properly in possession of the Note and Deed of Trust it convinced the Court to enforce. Creditor's relief should therefore be undone, since it was based on an improper premise – that Creditor possessed the Assigned deed of Trust.

20. Further, there has been no proof that Creditor is a proper party authorized to enforce the Note.

21. The Court granted the Creditor's motion premised on the authenticity and enforceability of the filed documents. Upon second review, the filed documents do no support what they purport to support. Accordingly, the Court must vacate its order pursuant to FRCP 60(a) and reimpose the stay so the Debtors may prosecute their claims objection.

22. The complete pooling and servicing agreement can be accessed at the Securities and Exchange Commission's web-site open to the public at the following hyperlink: http://www.sec.gov/Archives/edgar/data/1396683/000091412107001420/we8859767-ex4_1.txt

23. Additionally, Debtors believes that a Trustee sale is imminent and therefore requests the immediate intervention of this Court.

/./.

WHEREFORE, the Debtors now request that Your Honor:

1. Vacate the Order Vacating the Automatic Stay as to Creditor;

2. Reinstate the automatic stay as to Creditor;

3. Grant the Debtors fees and costs for their attorney; and

4. Grant such other relief as Your Honor finds appropriate.

Dated: July 29, 2011

Submitted by: /s/David Krieger, Esq.
David Krieger, Esq.
Attorney for Debtor(s)

- 6 -